1 JAMES F. MCKAY III, Judge.
The plaintiff, Claude Martin, appeals a judgment rendered by the Civil Service Commission for the City of New Orleans[1] in favor of the Sewerage and Water Board of New Orleans (the Board). We affirm.
FACTS AND PROCEDURAL HISTORY
The Board employed Claude Martin as a pumping plant operator. On November 11, 19*98, Mr. Martin suffered an injury on the job. Mr. Martin has been on worker’s compensation since the accident because his treating physician has not released him to return to his previous position.
On June 12, 2000, a pre-disciplinary hearing was held where the Board asserted that all attempts to accommodate Mr. Martin to be able to perform his job had *674 been unsuccessful. Therefore, the Board requested Mr. Martin’s termination under Civil Service Rule IX. On December 12, 2000, a pre-termination hearing was held to advise Mr. Martin as to the reason why he was being recommended for 12dismissal. Mr. Martin did not appear at the pre-termination hearing. On January 3, 2001, a letter was mailed to Mr. Martin advising him that effective January 12, 2001, he was being dismissed from the service of the Board because he was unable or unwilling to perform his duties as a pumping plant operator. Mr. Martin appealed this disciplinary action to the Civil Service Commission. A hearing was held on March 29, 2001; the Civil Service Commission found that Mr. Martin would never be able to return to his former position due to injuries he suffered.[2] It is from this judgment that Mr. Martin appeals.
DISCUSSION
The issue before this Court is whether the Civil Service Commission’s decision in favor of the Board and adverse to Mr. Martin was contrary to the law and evidence.
The standard of appellate review of the Commission’s decision is set out in Bannister v. Department of Streets, 95-0404 (La.1/16/96), 666 So.2d 641. First, the Commission’s factual determinations are reviewed under the clearly erroneous/manifest error standard of review. Id. Thus, regardless of our own view of the evidence, we may not disturb the Commission’s findings of fact so long as they are reasonable. Stobart v. DOTD, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989). Second, in deciding whether the Commission’s action was based on legal cause and that the action taken was commensurate with the [^situation, we should not modify the Commission’s decision unless it is arbitrary, capricious, or characterized by abuse of discretion. Bannister, supra. “Arbitrary or capricious” means the absence of a rational basis for the action taken. Id.
In the instant case, Mr. Martin has not returned to work since his accident. The Board has made reasonable attempts to accommodate him; however, these attempts have been unsuccessful. Furthermore, at his hearing before the Civil Service Commission, Mr. Martin testified that he did not think he could go back to his position as a pumping plant operator. He also testified that he could not stand, sit, or walk for long periods of time. These limitations limited the Board’s ability to place Mr. Martin in another position. Therefore, the Board decided to terminate Mr. Martin.
Rule IX of the City Civil Service Rules states in pertinent part:
When an employee in the classified service is unable or unwilling to perform the duties of his/her position in a satisfactory manner, or has committed any act to the prejudice of the service, or has omitted to perform an act it was his/her duty to perform, or otherwise has become subject to corrective action, the appointing authority shall take action warranted by the circumstances to maintain the standard of effective service. The actions may include: termination, *675 involuntary retirement, reduction in pay, demotion and suspension.
As stated earlier, Mr. Martin was either unable or unwilling to perform the duties of a pumping plant operator. The Board’s reasonable attempts to accommodate Mr. Martin were unsuccessful. Rule IX is clear that when an employee in the classified service is “unable or unwilling to perform the duties of his/her position in a satisfactory manner,” the employee “has become subject to corrective action” which may include “termination.” Based upon the record before |4this Court, we find nothing arbitrary or capricious about the Commission’s decision regarding the disciplinary actions taken by the Board.
DECREE
For the foregoing reasons, we affirm the judgment of the Civil Service Commission.
AFFIRMED.

. Each commission is vested with broad and general rule making powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, promotion, demotion. suspension, reduction in pay, removal, etc.; and generally to accomplish the objectives and purposes of the merit of civil service herein established. LA. CONST. Art. X.

. The Commission also found that diligent attempts were made to place Mr. Martin in another position. Mr. Martin was referred to Jennifer Palmer & Company, a rehabilitation corporation. Jennifer Palmer & Company conducted a labor research to identify alternative employment for Mr. Martin. Upon completion of their company's research, a list of jobs was forwarded to Dr. Haydel, Mr. Martin's treating physician, for his assessment of these positions' physical requirements and Mr. Martin's ability to perform them.